**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | |
|---|---|
| ROBERT AUSTIN, individually and on behalf of other similarly situated.<br><br>　　　　Plaintiff,<br>v.<br><br>ULTRAGREEN, LLC<br><br>　　　　Defendant. | Case No.: 22-cv-757<br><br>**PLAINTIFF'S MOTION TO AMEND THE COMPLAINT** |

Plaintiff Robert Austin moves for leave to amend the Complaint to add as a defendant Caleb Ault, who authorized and directed UltraGreen's calling conduct in this putative class action alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). This motion is made pursuant to Fed. R. Civ. P. 15(a)(2) and within the time proscribed for as there is no scheduling order in this case. In further support of this motion, the Plaintiff states:

1. Under the TCPA, an individual such as Caleb Ault and other officers of the Defendant may be personally liable for the acts alleged in this Complaint pursuant to 47 U.S.C. § 217 of the TCPA, which reads, *inter alia*:

> [T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure of such carrier or user *as well as of that person*.

*See* 47. U.S.C. § 217 (emphasis added).

2. "Courts that have addressed the personal liability issue have concluded that individuals acting on behalf of a corporation may be held personally liable for violations of the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." *Van Sweden Jewelers, Inc. v. 101 VT, Inc.*, No. 1:10-cv-253,

2012 U.S. Dist. LEXIS 85663, 2012 WL 4074620, at *8 (W.D. Mich. June 21, 2012); *see also Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011) (reasoning, in pertinent part, that "if an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force"); *Balt.-Wash. Tel. Co. v. Hot Leads Co.*, 584 F. Supp. 2d 736, 745 (D. Md. 2008) (observing that if the defendants "actually committed the conduct that violated the TCPA, and/or . . . actively oversaw and directed the conduct," they could be held individually liable for the statutory violations).

3. However, the Plaintiff's continued investigation into this matter has revealed that Mr. Ault directed the telemarketing conduct at issue. Plaintiff therefore seeks leave to amend the complaint to add those two individuals as a defendant.

4. This motion is made pursuant to Fed. R. Civ. P. 15(a)(2) which requires that "The court should freely give leave when justice so requires."

5. Justice requires amendment here because the Plaintiff should be entitled to assert claims against all of the potentially liable parties.

6. Additionally, the deadline to amend the complaint has not yet passed as no Scheduling Order has been entered in the case.

7. A proposed First Amended Complaint is attached as Exhibit 1.

Dated: October 7, 2022

                    PLAINTIFF, individually and
                    on behalf of others similarly situated,

                    By:

                    */s/ Anthony I. Paronich*
                    Anthony I. Paronich, *Pro Hac Vice*
                    Paronich Law, P.C.
                    350 Lincoln Street, Suite 2400
                    Hingham, MA 02043
                    [o] (617) 485-0018
                    [f] (508) 318-8100
                    anthony@paronichlaw.com

## CERTIFICATE OF SERVICE

I, hereby certify that on October 7, 2022, I served the foregoing through the Court's CM/ECF system.

                    */s/ Anthony I. Paronich*
                    Anthony Paronich