FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 28 2023

TAMMY H. DOWNS, CLERK
By:_____
                    DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ROBERT AUSTIN, individually and on behalf of other similarly situated.

Plaintiff,

v.

ULTRAGREEN, LLC and CALEB AULT

Defendants.

Case No.: 4:22-cv-757

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, STATUTORY DAMAGES, AND REQUEST FOR INJUNCTIVE RELIEF**

**JURY TRIAL DEMANDED**

**Preliminary Statement**

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone

solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. The Plaintiff Robert Austin alleges that UltraGreen, LLC ("UltraGreen") made unsolicited telemarketing calls without his prior express consent and that such calls were made to numbers listed on the National Do Not Call Registry, a separate violation of the TCPA.

4. The Plaintiff also alleges that Caleb Ault, CEO and Owner of the Defendant, authorized and directed the telemarketing at issue.

5. Because these calls were transmitted using technology capable of generating thousands of similar calls per day, the Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

6. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

7. Plaintiff, Robert Austin, resides in this District.

8. Defendant UltraGreen, LLC is an Arkansas limited liability company.

9. Defendant Caleb Ault is an Arkansas resident.

## Jurisdiction & Venue

10. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

11. The Court has personal jurisdiction over the Defendant because they engaged in telemarketing conduct into this District and are a resident of this District.

12. Venue is proper under 28 U.S.C. § 1391(b)(1) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the calls were made from and into this District.

## TCPA Background

13. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

14. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

15. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

16.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

Individual Liability under the TCPA

17.     Under the TCPA, an individual such as Caleb Ault and other officers of the Defendant may be personally liable for the acts alleged in this Complaint pursuant to 47 U.S.C. § 217 of the TCPA, which reads, *inter alia*:

> [T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure of such carrier or user *as well as of that person.*

*See* 47. U.S.C. § 217 (emphasis added).

18.     "Courts that have addressed the personal liability issue have concluded that individuals acting on behalf of a corporation may be held personally liable for violations of the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." *Van Sweden Jewelers, Inc. v. 101 VT, Inc.*, No. 1:10-cv-253, 2012 U.S. Dist. LEXIS 85663, 2012 WL 4074620, at *8 (W.D. Mich. June 21, 2012); *see also Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011) (reasoning, in pertinent part, that "if an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force"); *Balt.-Wash. Tel. Co. v. Hot Leads Co.*, 584 F. Supp. 2d 736, 745 (D. Md. 2008) (observing that if the defendants "actually committed the conduct that violated the TCPA, and/or . . . actively oversaw and directed the conduct," they could be held individually liable for the statutory violations).

19.  Mr. Ault is liable for the Defendant's conduct by: (a) authorizing the sending of text message marketing, including their content (b) personally approving the automated texting operations; (c) personally supervising the marketing conduct, payment, and performance metrics for the texting done and (d) personally authorizing any other telemarketing conduct of Defendant.

### Factual Allegations

20. Ultragreen, LLC offers lawn services.

21. To generate leads, UltraGreen makes telemarketing calls to consumers with whom it never had a relationship and who have never consented to receive its calls.

22. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

23. Plaintiff's telephone number (501) 960-XXXX is a residential telephone line used for personal purposes and is not associated with a business.

24. That number is also on the National Do Not Call Registry, and has been for more than 30 days prior to Plaintiff's receipt of the Defendant's first calls.

25. Despite this, the Defendant sent five text message telemarketing calls, similar to and including the following::



26. All of the text messages were sent from (501) 764-9072.

27. That is a number for the Defendant.

28. Prior to filing this lawsuit, the Plaintiff further brought the illegal calls to the Defendant's attention through correspondence.

29. The Defendant did not deny sending the text messages.

30. Plaintiff's privacy has been violated by the above-described telemarketing calls.

31. The Plaintiff never provided his consent or requested these calls.

32. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, and they were annoyed and harassed.

33. In addition, the calls occupied their telephone lines, rendering them unavailable for legitimate communication.

### Class Action Allegations

34. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a Class of all other persons or entities similarly situated throughout the United States.

35. The Class of persons Plaintiff proposes to represent is tentatively defined as:

**National Do Not Call Registry Class**: All persons in the United States who (1) within four years prior to the commencement of this litigation until trial (2) received two or more telemarketing call on their residential line (3) from or on behalf of Defendant (4) to a telephone number that was registered with the National Do Not Call Registry (5) for more than 30 days at the time of each call.

36. The Class defined above is identifiable through phone records, phone number databases, and business and customer records of Defendant.

37. Based on the *en masse* nature of telemarketing, the potential members of the Class likely number at least in the thousands.

38. Individual joinder of these persons is impracticable.

39. The Plaintiff is a member of the Class.

40. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

> (a) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;
>
> (b) whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class; and
>
> (c) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

41. Plaintiff's claims are typical of the claims of members of the Class.

42. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

43. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

44. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

# FIRST CAUSE OF ACTION

## Violations of the Telephone Consumer Protection Act
## (47 U.S.C. 227, et seq. and 47 C.F.R. §§ 64.1200(c))
## on behalf of Plaintiff and the National Do Not Call Registry Class

45. Defendant violated the TCPA and the Regulations by making, or having its agent make, two or more telemarketing calls within a 12-month period on Defendant's behalf to Plaintiff and the members of the National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

46. As a result of the Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and National Do Not Call Registry Class members are entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5) or $1,500 for any violation that was knowing or willful.

47. Plaintiff and National Do Not Call Registry Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from advertising insurance goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendant from making telephone calls advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

B.  As a result of Defendant's negligent, willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the Class up to treble damages, as provided by statute, of up to $1,500 for each and every violation of the TCPA;

C.  An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D.  Such other relief as the Court deems just and proper.

## JURY DEMAND

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Dated: April 28, 2023

*/s/ Jason Ryburn*,

Jason Ryburn
Ryburn Law Firm
650 S. Shackleford Rd., Ste. 231
Little Rock, AR 72211
[o] (501) 228-8100
[f] (501) 228-7300
jason@ryburnlawfirm.com

Anthony I. Paronich (*pro hac vice*)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[f] (508) 318-8100
anthony@paronichlaw.com